**FILED**

FEB 15 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

CAROLYN BLAIR,                                     :
parent and next friend of D.J., a minor            :
1326 Congress Street, SE #6                        :
Washington, D.C. 20032                             :
                                                   :
                                                   :
and                                                :
                                                   :
                                                   :
JACQUELINE COZART,                                 :
parent and next friend of K.J., a minor            :
230 58th Street, NE                                :
Washington, D.C. 20019                             :
                                                   :
                                                   :
and                                                :
                                                   :
                                                   :
UNA CROSSMAN,                                       :
parent and next friend of J.P., a minor            :
315 Gallatin Street, NW                            :     Case: 1:08-cv-00267
Washington, D.C. 20011                             :     Assigned To : Collyer, Rosemary M.
                                                   :     Assign. Date : 2/15/2008
and                                                :     Description: Admin Agency Review
                                                   :
                                                   :
LINDA DAVIS,                                        :
parent and next friend of J.D., a minor            :
1350 Talbert Terrace, SE                           :
Washington, D.C. 20020                             :
                                                   :
                                                   :
and                                                :
                                                   :
                                                   :
NACO FRAZIER,                                       :
parent and next friend of E.F., a minor            :
425 R Street, NW,                                  :
Washington, D.C. 20009                             :
                                                   :
                                                   :
and                                                :
                                                   :
                                                   :
VANESSA HAMMOND,                                    :
parent and next friend of D.H., a minor            :
3938 Clay Place, NE                                :
Washington, D.C. 20019                             :
                                                   :
                                                   :

1

and                                          :
ANTHONY HARRIS &                             :
MARY FALTZ-HARRIS,                           :
parent and next friend of A.H., a minor      :
1236 18th Street, NE #1                       :
Washington, D.C. 20019                        :
                                             :
and                                          :
                                             :
EIDA HARTRIDGE,                              :
parent and next friend of T.H., a minor      :
223 Newcomb St., SE #302                      :
Washington, DC 20032                          :
                                             :
and                                          :
                                             :
WILLIAM & ROSEMARY HUBBARD,                  :
parent and next friend of J.H.                :
174 Mississippi Street, SE                    :
Washington, DC 20032                          :
                                             :
and                                          :
                                             :
PAMELA JOHNSON,                              :
parent and next friend of T.J., a minor      :
203 N. Street, SW #512                        :
Washington, D.C. 20024                        :
                                             :
and                                          :
                                             :
TERRY JOHNSON,                               :
parent and next friend of R.W., a minor      :
737 Irving Street, NW                         :
Washington, D.C. 20020                        :
                                             :
and                                          :
                                             :
BONNIE MATHIS &                              :
MICHAEL MATHIS,                              :
parents and next friend of D.M., a minor     :
1272 Holbrook Terrace, NE                     :
Washington, D.C. 20002                        :
                                             :

2

and                                          :
                                             :
GRACE MCMILLAN,                              :
parent and next friend of C.M., a minor     :
2701 Robinson Place, SE #102                 :
Washington, D.C. 20020                       :
                                             :
and                                          :
                                             :
ERICKA POWELL,                               :
parent and next friend of K.P., a minor     :
1433 Cedar St., SE, #101                     :
Washington, DC 20020                         :
                                             :
and                                          :
                                             :
CYNTHIA SCOTT,                               :
parent and next friend of A.S., a minor     :
333 Elm Street, NW                           :
Washington, D.C. 20001                       :
                                             :
and                                          :
                                             :
STEPHANIE SELDON,                            :
parent and next friend of M.S., a minor     :
574 49th Place, NE,                          :
Washington, D.C. 20019                       :
                                             :
and                                          :
                                             :
PAULA SHELTON,                               :
parent and next friend of S.S.              :
1177 46th Pl., SE                            :
Washington, DC 20019                         :
                                             :
and                                          :
                                             :
ANNA KENNY SLYE,                             :
parent and next friend of C.S., a minor     :
1000 Urell Place, NE                         :
Washington, D.C. 20017                       :
                                             :
and                                          :

3

                                                :

**LATASHA SMITH & DAVID EWING,**          :
**parent and next friend of D.M., a minor**   :
**256 37th Place, SE**                        :
**Washington, D.C. 20019**                    :

**and**                                       :
                                              :
**ITZETH TESTA-SANCHEZ,**                     :
**parent and next friend of V.S., a minor**   :
**3207 15th Street, NE**                      :
**Washington, D.C. 20017**                    :
                                              :
**and**                                       :
                                              :
**LASHAWN WASHINGTON,**                       :
**parent and next friend of D.W., a minor**   :
**1103 Varney Street, SE**                    :
**Washington, D.C. 20032**                    :
                                              :
**and**                                       :
                                              :
**TONYA WILLIAMS &**                          :
**BERNARD CARTER,**                           :
**parent and next friend of L.W., a minor**   :
**92 Galveston Street, SW #201**              :
**Washington, D.C. 20011**                    :
                                              :
              **v.**                          :
                                              :
**DISTRICT OF COLUMBIA**                      :
**A Municipal Corporation**                   :
**One Judiciary Square**                      :
**441 Fourth Street, N. W.**                  :
**Washington, D.C. 20001**                    :
                                              :
**serve:**                                    :
**ADRIAN FENTY, Mayor**                       :
**District of Columbia**                      :
**1350 Pennsylvania Avenue, N. W., 5th Fl.**  :
**Washington, D.C. 20002**                    :
                                              :
**PETER NICKELS**                             :

Interim Attorney General          :
1350 Pennsylvania Avenue, N. W.,  :
Ste. 409                          :
Washington, D.C. 20004            :
            and                   :
                                  :
MICHELLE RHEE (officially)        :
Chancellor, D.C. Public Schools   :
825 North Capitol St., N. E., Suite 9026  :
Washington, D.C. 20002            :
                                  :
Defendants.                       :

## COMPLAINT FOR DECLARATORY JUDGMENT, INJUNCTIVE AND OTHER RELIEF

**COMES NOW**, the Plaintiff, by and through their attorneys, Domiento C.R. Hill, Roxanne D. Neloms, and the Law Offices of James E. Brown & Associates, P.L.L.C, and respectfully unto this Honorable Court as follows that:

### PRELIMINARY STATEMENT

1.    This is an action for full reimbursement of attorneys' fees and costs incurred by Plaintiffs in their claims against the Defendants pursuant to the Individuals with Disabilities Education Improvement Act of 2004 ("IDEIA"). Defendants have failed to carry out their legal duty to fully reimburse those fees and costs to Plaintiffs, the prevailing parties, and without the Court's intervention, Plaintiffs in all likelihood will be unable to obtain the full reimbursement due them.

### JURISDICTION

2.    This Court has jurisdiction pursuant to:

a.    The Individuals with Disabilities Education Improvement Act, 20 U.S.C. §§1400-1461 ("IDEIA"); 29 U.S.C. §794; 28 U.S.C. §§ 1441 and 1442; the

5

*Mills* decree; and pendent jurisdiction pursuant to D.C. Mun. Regs. Title 5 §§ 3000.1 - 3701.3 (2003);

b.    Declaratory relief is authorized by 28 U.S.C. §§2201 and 2202.

3.    Venue is proper in this Court pursuant to 28 U.S.C. §1391.

## PARTIES

4.    Plaintiffs are children eligible to receive special education from the District of Columbia as defined by the IDEIA, parents or guardians, who, at all times relevant to this action, were residents of the District of Columbia, and who prevailed in administrative hearings held pursuant to the IDEIA.

5.    The parents bring this action on behalf of their minor children and in their own right.

6.    Defendant, District of Columbia Government is a municipal corporation that receives federal funds pursuant to the Individuals with Disabilities Education Improvement Act ("IDEIA"), to ensure access to a free and appropriate education ("FAPE") and is obligated to comply with the applicable federal regulations and statutes including but not limited to the IDEIA.

7.    Defendant Michelle Rhee, being sued in her official capacity as the Chancellor of the District of Columbia Public School System ("DCPS") which is the State Educational Agency ("SEA"), charged with responsibility of ensuring that all disabled children in the District of Columbia receive access to a free and appropriate public education "FAPE" and to ensure them equal protection and due process of law.

## FACTUAL BACKGROUND

6

8.    That Plaintiff D.J. is a child with disabilities, as defined by the IDEIA, who has been resident of the District of Columbia at all times relevant to this action. At an administrative due process hearing held on November 27, 2007, he and his parent, prevailed by Hearing Officer's Determination ("HOD") dated December 11, 2007. As prevailing parties within the meaning of the IDEIA, D.J. and his parents are entitled to attorneys' fees and costs for the administrative action. On December 18, 2007, Plaintiffs submitted all the necessary documentation and requested reimbursement of attorneys' fees and cost from the District of Columbia for the administrative action. To date, Defendant District of Columbia has not reimbursed these Plaintiffs. *See **Exhibit A** (attached hearing request, hearing officer's determination, and invoice).*

9.    That Plaintiff K.J. is a child with disabilities, as defined by the IDEIA, who has been resident of the District of Columbia at all times relevant to this action. At an administrative due process hearing held on September 13, 2007, she and her parent, prevailed by Hearing Officer's Determination ("HOD") dated September 13, 2007. As prevailing parties within the meaning of the IDEIA, K.J. and her parents are entitled to attorneys' fees and costs for the administrative action. On September 28, 2007, Plaintiffs submitted all the necessary documentation and requested reimbursement of attorneys' fees and cost from the District of Columbia for the administrative action. To date, Defendant District of Columbia has not reimbursed these Plaintiffs. *See **Exhibit B** (attached hearing request, hearing officer's determination, and invoice).*

7

10.   That Plaintiff J.P. is a child with disabilities, as defined by the IDEIA, who has been resident of the District of Columbia at all times relevant to this action. At an administrative due process hearing held on December 12, 2007, he and his parent, prevailed by Hearing Officer's Determination ("HOD") dated December 26, 2007. As prevailing parties within the meaning of the IDEIA, J.P. and his parents are entitled to attorneys' fees and costs for the administrative action. On December 31, 2007, Plaintiffs submitted all the necessary documentation and requested reimbursement of attorneys' fees and cost from the District of Columbia for the administrative action. To date, Defendant District of Columbia has not reimbursed these Plaintiffs. *See Exhibit C (attached hearing request, hearing officer's determination, and invoice)*.

11.   That Plaintiff J.D. is a child with disabilities, as defined by the IDEIA, who has been resident of the District of Columbia at all times relevant to this action. At an administrative due process hearing held on December 14, 2007, he and his parent, prevailed by Hearing Officer's Determination ("HOD") dated December 26, 2007. As prevailing parties within the meaning of the IDEIA, J.D. and his parents are entitled to attorneys' fees and costs for the administrative action. On December 31, 2007, Plaintiffs submitted all the necessary documentation and requested reimbursement of attorneys' fees and cost from the District of Columbia for the administrative action.   To date, Defendant District of Columbia has not reimbursed these Plaintiffs. *See Exhibit D (attached hearing request, hearing officer's determination, and invoice).*

8

12.     That Plaintiff E.F. is a child with disabilities, as defined by the IDEIA, who has

been resident of the District of Columbia at all times relevant to this action. At an

administrative due process hearing held on October 10, 2007, he and his parent,

prevailed by Hearing Officer's Determination ("HOD") dated October 30, 2007.

As prevailing parties within the meaning of the IDEIA, E.F and his parents are

entitled to attorneys' fees and costs for the administrative action. On October 31,

2007, Plaintiffs submitted all the necessary documentation and requested

reimbursement of attorneys' fees and cost from the District of Columbia for the

administrative action.    To date, Defendant District of Columbia has not

reimbursed these Plaintiffs. *See Exhibit E (attached hearing request, hearing*

*officer's determination, and invoice).*

13.     That Plaintiff D.H. is a child with disabilities, as defined by the IDEIA, who has

been resident of the District of Columbia at all times relevant to this action. At an

administrative due process hearing held on November 27, 2007, he and his parent,

prevailed by Hearing Officer's Determination ("HOD") dated December 4, 2007.

As prevailing parties within the meaning of the IDEIA, D.H. and his parents are

entitled to attorneys' fees and costs for the administrative action. On December

18, 2007, Plaintiffs submitted all the necessary documentation and requested

reimbursement of attorneys' fees and cost from the District of Columbia for the

administrative action.    To date, Defendant District of Columbia has not

reimbursed these Plaintiffs. *See Exhibit F (attached hearing request, hearing*

*officer's determination, and invoice).*

9

14.  Plaintiff A.H. is a child with disabilities, as defined by the IDEIA, who has been
     resident of the District of Columbia at all times relevant to this action. At an
     administrative due process hearing held on November 2, 2007, A.H., and his
     parent, prevailed by Hearing Officer's Determination ("HOD") dated November
     7, 2007.  As prevailing parties within the meaning of the IDEIA, A.H. and his
     parents are entitled to attorneys' fees and costs for the administrative action. On
     November 16, 2007, Plaintiffs submitted all the necessary documentation and
     requested reimbursement of attorneys' fees and cost from the District of Columbia
     for the administrative action. To date, Defendant District of Columbia has not
     reimbursed these Plaintiffs. *See Exhibit G (attached hearing request, hearing
     officer's determination, and invoice).*

15.  Plaintiff T.H. is a child with disabilities, as defined by the IDEIA, who has been
     resident of the District of Columbia at all times relevant to this action. An
     administrative due process hearing regarding T.H. was held on the following dates
     July 11, 2007 and September 5, 2007, he and his parent, prevailed by Hearing
     Officer's Determination ("HOD") dated September 18, 2007. As prevailing
     parties within the meaning of the IDEIA, T.H. and his parent are entitled to
     attorneys' fees and costs for the administrative action.  On September 28, 2007,
     Plaintiffs submitted all the necessary documentation and requested reimbursement
     of attorneys' fees and cost from the District of Columbia for the administrative
     action. To date, Defendant District of Columbia has not reimbursed these

10

Plaintiffs. *See Exhibit H (attached hearing request, hearing officer's determination, and invoice).*

16.   Plaintiff J.H.. is a child with disabilities, as defined by the IDEIA, who has been resident of the District of Columbia at all times relevant to this action. An administrative due process hearing regarding J.H. was held on October 10, 2007 and he and his parent, prevailed by Hearing Officer's Determination ("HOD") dated October 15, 2007. As prevailing parties within the meaning of the IDEIA, J.H and his parents are entitled to attorneys' fees and costs for the administrative action. On October 31, 2007, Plaintiffs submitted all the necessary documentation and requested reimbursement of attorneys' fees and cost from the District of Columbia for the administrative action.  To date, Defendant District of Columbia has not reimbursed these Plaintiffs. *See Exhibit I (attached hearing request, hearing officer's determination, and invoice).*

17.   That Plaintiff T.J. is a child with disabilities, as defined by the IDEIA, who has been resident of the District of Columbia at all times relevant to this action. At an administrative due process hearing held on October 25, 2007, he and his parent, prevailed by Hearing Officer's Determination ("HOD") dated November 1, 2007. As prevailing parties within the meaning of the IDEIA, T.J. and his parents are entitled to attorneys' fees and costs for the administrative action. On November 16, 2007, Plaintiffs submitted all the necessary documentation and requested reimbursement of attorneys' fees and cost from the District of Columbia for the administrative action.   To date, Defendant District of Columbia has not

11

reimbursed these Plaintiffs. *See Exhibit J (attached hearing request, hearing officer's determination, and invoice).*

18.    That Plaintiff R.W. is a child with disabilities, as defined by the IDEIA, who has been resident of the District of Columbia at all times relevant to this action. At an administrative due process hearing held on November 30, 2007, he and his parent, prevailed by Hearing Officer's Determination ("HOD") dated December 10, 2007. As prevailing parties within the meaning of the IDEIA, R.W. and his parents are enti-led to attorneys' fees and costs for the administrative action. On December 20, 2007, Plaintiffs submitted all the necessary documentation and requested reimbursement of attorneys' fees and cost from the District of Columbia for the administrative action.   To date, Defendant District of Columbia has not reimbursed these Plaintiffs. *See Exhibit K (attached hearing request, hearing officer's determination, and invoice).*

19.    That Plaintiff D.M. is a child with disabilities, as defined by the IDEIA, who has been resident of the District of Columbia at all times relevant to this action. At an administrative due process hearing held on December 13, 2007, he and his parent, prevailed by Hearing Officer's Determination ("HOD") dated December 14, 2007. As prevailing parties within the meaning of the IDEIA, D.M and his parents are entitled to attorneys' fees and costs for the administrative action. On December 31, 2007, Plaintiffs submitted all the necessary documentation and requested reimbursement of attorneys' fees and cost from the District of Columbia for the administrative action.   To date, Defendant District of Columbia has not

12

reimbursed these Plaintiffs. *See Exhibit L (attached hearing request, hearing officer's determination, and invoice).*

20.    That Plaintiff C.M.. is a child with disabilities, as defined by the IDEIA, who has been resident of the District of Columbia at all times relevant to this action. At an administrative due process hearing held on December 3, 2007 he and his parent, prevailed by Hearing Officer's Determination ("HOD") dated December 14, 2007. As prevailing parties within the meaning of the IDEIA, C.M. and his parents are entitled to attorneys' fees and costs for the administrative action. On December 31, 2007, Plaintiffs submitted all the necessary documentation and requested reimbursement of attorneys' fees and cost from the District of Columbia for the administrative action.    To date, Defendant District of Columbia has not reimbursed these Plaintiffs. *See Exhibit M (attached hearing request, hearing officer's determination, and invoice).*

21.    Plaintiff K.P. is a child with disabilities, as defined by the IDEIA, who has been resident of the District of Columbia at all times relevant to this action. An administrative due process hearing regarding K.P. was held on September 21, 2007 and she and her parent, prevailed by Hearing Officer's Determination ("HOD") dated October 3, 2007.  As prevailing parties within the meaning of the IDEIA, K.P. and her parents are entitled to attorneys' fees and costs for the administrative action.  On October 17, 2007, Plaintiffs submitted all the necessary documentation and requested reimbursement of attorneys' fees and cost from the District of Columbia for the administrative action. To date, Defendant District of

Columbia has not reimbursed these Plaintiffs. *See Exhibit N (attached hearing request, hearing officer's determination, and invoice).*

22.    Plaintiff A.S. is a child with disabilities, as defined by the IDEIA, who has been resident of the District of Columbia at all times relevant to this action.    An administrative due process hearing regarding A.S. was held on October 29, 2007 and he and his parent, prevailed by Hearing Officer's Determination ("HOD") dated October 25, 2007 As prevailing parties within the meaning of the IDEIA, A.S. and his parent are entitled to attorneys' fees and costs for the administrative action.    On October 31, 2007, Plaintiffs submitted all the necessary documentation and requested reimbursement of attorneys' fees and cost from the District of Columbia for the administrative action.    To date, Defendant District of Columbia has not reimbursed these Plaintiffs. *See Exhibit O (attached hearing request, hearing officer's determination, and invoice).*

23.    Plaintiff M.S. is a child with disabilities, as defined by the IDEIA, who has been resident of the District of Columbia at all times relevant to this action. An administrative due process hearing regarding M.S. was held on July 25, 2007 and he and his parent, prevailed by Hearing Officer's Determination ("HOD") dated July 31, 2007.    M.S. and his parent are prevailing parties as define in the IDEIA. As prevailing parties within the meaning of the IDEIA, M.S. and his parent are entitled to attorneys' fees and costs for the administrative action. On August 16, 2007, Plaintiffs submitted all the necessary documentation and requested reimbursement of attorneys' fees and cost from the District of Columbia for the

14

administrative action. To date, Defendant District of Columbia has not reimbursed these Plaintiffs. *See Exhibit P (attached hearing request, hearing officer's determination, and invoice).*

24.   Plaintiff S.S. is a child with disabilities, as defined by the IDEIA, who has been resident of the District of Columbia at all times relevant to this action. An administrative due process hearing regarding S.S. was held on September 18, 2007 and he and his parent, prevailed by Hearing Officer's Determination ("HOD") dated September 28, 2007. As prevailing parties within the meaning of the IDEIA, S.S. and his parent are entitled to attorneys' fees and costs for the administrative action. On October 17, 2007, Plaintiffs submitted all the necessary documentation and requested reimbursement of attorneys' fees and cost from the District of Columbia for the administrative action. To date, Defendant District of Columbia has not reimbursed these Plaintiffs. *See Exhibit Q (attached hearing request, hearing officer's determination, and invoice).*

25.   Plaintiff C.S. is a child with disabilities, as defined by the IDEIA, who has been resident of the District of Columbia at all times relevant to this action. An administrative due process hearing regarding C.S. was held on September 19, 2007 and he and his parent, prevailed by Hearing Officer's Determination ("HOD") dated September 24, 2007. As prevailing parties within the meaning of the IDEIA, C.S. and his parent are entitled to attorneys' fees and costs for the administrative action. On September 28, 2007, Plaintiffs submitted all the necessary documentation and requested reimbursement of attorneys' fees and cost

from the District of Columbia for the administrative action. To date, Defendant District of Columbia has not reimbursed these Plaintiffs. *See Exhibits R (attached hearing request, hearing officer's determination, and invoice).*

26.   Plaintiff D.M. is a child with disabilities, as defined by the IDEIA, who has been resident of the District of Columbia at all times relevant to this action. An administrative due process hearing regarding D.M. was held on December 4, 2007 and he and his parent, prevailed by Hearing Officer's Determination ("HOD") dated December 14, 2007. As prevailing parties within the meaning of the IDEIA, D.M. and his parent are entitled to attorneys' fees and costs for the administrative action. On December 20, 2007, Plaintiffs submitted all the necessary documentation and requested reimbursement of attorneys' fees and cost from the District of Columbia for the administrative action. To date, Defendant District of Columbia has not reimbursed these Plaintiffs. *See Exhibit S (attached hearing request, hearing officer's determination, and invoice).*

27.   Plaintiff V.S. is a child with disabilities, as defined by the IDEIA, who has been resident of the District of Columbia at all times relevant to this action.  An administrative due process hearing regarding V.S was held on December 7, 2007 and he and his parent, prevailed by Hearing Officer's Determination ("HOD") dated December 17, 2007.  As prevailing parties within the meaning of the IDEIA V.S. and his parent are entitled to attorneys' fees and costs for the administrative action. On December 31, 2007, Plaintiffs submitted all the necessary documentation and requested reimbursement of attorneys' fees and cost from the

District of Columbia for the administrative action. To date, Defendant District of Columbia has not reimbursed these Plaintiffs. *See Exhibit T (attached hearing request, hearing officer's determination, and invoice)*.

28. Plaintiff D.W. is a child with disabilities, as defined by the IDEIA, who has been resident of the District of Columbia at all times relevant to this action. An administrative due process hearing regarding D.W. was held on October 19, 2007 and he and his parent, prevailed by Hearing Officer's Determination ("HOD") dated October 29, 2007. As prevailing parties within the meaning of the IDEIA D.W. and his parent are entitled to attorneys' fees and costs for the administrative action. On October 31, 2007, Plaintiffs submitted all the necessary documentation and requested reimbursement of attorneys' fees and cost from the District of Columbia for the administrative action. To date, Defendant District of Columbia has not reimbursed these Plaintiffs. *See Exhibit U (attached hearing request, hearing officer's determination, and invoice)*.

29. Plaintiff L.W. is a child with disabilities, as defined by the IDEIA, who has been resident of the District of Columbia at all times relevant to this action. An administrative due process hearing regarding L.W. was held on October 3, 2007 and she and her parent, prevailed by Hearing Officer's Determination ("HOD") dated October 15, 2007. As prevailing parties within the meaning of the IDEIA L.W. and her parent are entitled to attorneys' fees and costs for the administrative action. On October 31, 2007, Plaintiffs submitted all the necessary documentation and requested reimbursement of attorneys' fees and cost from the District of

Columbia for the administrative action. To date, Defendant District of Columbia has not reimbursed these Plaintiffs. *See Exhibit V (attached hearing request, hearing officer's determination, and invoice)*.

## FACTUAL ALLEGATIONS

30. Plaintiffs are all "prevailing parties" as defined in *Select Milk Producers, Inc. v. Johanns*, 400 F.3d 939 (D.C. Cir. 2005)(citing *Buckhannon Board and Care Home, Inc., v. West Virginia Department of Health and Human Resources*, 532 U.S 598 (2001), and are entitled to recover reasonable attorneys' fees and costs.

31. On or about February 9, 2006, Plaintiffs, through counsel, timely submitted their invoices for reimbursement of reasonable attorneys' fees and costs to Defendants.

32. That according to Defendants' "Guidelines for the Payment of Attorney Fees in IDEIA Matters," invoices for reimbursement of reasonable attorneys' fees are considered denied if not acknowledged within 60 days of submission.

33. That more than 60 days have elapsed since the Plaintiffs, through counsel, timely submitted their invoices for reimbursement of reasonable attorneys' fees and costs to Defendants.

34. That Defendants have refused to remitted payment for various reasons ranging from "no denial of FAPE" to "no substantive change in the hearing officer's determination".

35. That in denying full reimbursement to Plaintiffs for their attorneys' fees and costs, the Defendants have knowingly, intentionally, and in contravention of settled law,

18

substituted their own subjective standards for standards articulated by the IDEIA and this Court.

36.     That additionally, Defendants have similarly refused to pay Plaintiffs' costs and billings associated with work performed by paralegal/legal assistants.

37.     That a party prevails if "there has been a court-ordered change in the legal relationship between the plaintiff and the defendant" and "in whose favor a judgment is rendered, regardless of the amount of damages awarded." *Selected Milk Producers, Inc. v. Johanns*, 400 F.3d 939 (D.C. Cir. 2005)(citing *Buckhannon*, 532 U.S. at 603-04).

38.     That the Plaintiffs herein are "prevailing parties" as this term is defined in *Selected Milk Producers, Inc*,400 F.3d 939 (D.C. Cir. 2005)(citing *Buckhannon*, 532 U.S. at 603-04).

39.     That *Moore v. District of Columbia* stands for the proposition that the courts may award parents' attorneys' fees when they prevail against the schools system in administrative proceedings. See *Moore v. District of Columbia*, 907 F. 2d 165 (D.C. Cir. 1990).

40.     That the amount of attorneys' fees awarded "shall be based on rates prevailing in the community in which the action arose for the kind and quality of services furnished." 20 U.S.C. § 1415(i)(3)(C).

41.     That the rate for "reasonable" attorneys' fees has been established by cases decided in the District of Columbia. *See, e.g.*, *Bailey v. District of Columbia*, 839 F. Supp. 888 (D.D.C. 1993).

19

42.    That the current billing rates for the attorneys, as evidenced by the invoices attached as *EXHIBITS A-V* hereto, are reasonable and consistent with the prevailing market rates in the District of Columbia.

43.    That the Plaintiffs had settled expectations that if they prevailed, they would be entitled to recover "reasonable" attorneys' fees at the rates "prevailing in the community" for the legal services provided by their attorneys.

44.    That in the case *sub judice*, the refusal of the Defendants to pay Plaintiffs' Attorney Fee Application is arbitrary, capricious and without a basis in law or fact.

45.    That IDEIA and this Court clearly allow for the recovery of reasonable costs associated with claims brought by prevailing parties such as the Plaintiffs herein.

46.    That Defendants have summarily refused to pay Plaintiffs' applications for all costs and fees associated with their cases.

## COUNT I

47.    That Plaintiffs repeat and re-allege paragraphs 1 through 46, above.

48.    That Defendant's violated Plaintiffs right to reasonable fees under the IDEIA when it failed to reimburse Plaintiffs for reasonable attorneys' fees and cost for all of the submitted bills.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court:

1.    Issue a declaratory judgment that Defendants have violated Plaintiffs' rights under the IDEIA and DCMR.

20

2.  Order that Plaintiffs are entitled to reimbursement for their reasonable
    attorney fees.

3.  Award Plaintiffs reasonable Attorneys' Fees and Costs in the sum of
    $179, 185.75.

4.  Award to Plaintiffs reasonable attorneys' fees and costs incurred in
    litigating this action.

5.  Grant other such relief that the Court deems just and proper.

Respectfully Submitted,

Domiento C.R. Hill[MD14793]
Roxanne D. Neloms [478157]
James E. Brown & Associates, PLLC
1220 L Street, NW, Suite 700
Washington, D.C. 20005
(202)742-2000
*Attorneys for Plaintiffs*

21

# Frazier Attorney Fee Suit

| EX. | Name | Case No. | Date Submitted | Total |
|-----|------|----------|----------------|-------|
| A | Jackson, D | 07-437 | 12/18/2007 | 7606.53 |
| B | Johnson, K | 07-326 | 9/28/2007 | 6229.39 |
| C | Payton, J | 07-458 | 12/31/2007 | 5654.47 |
| D | Davis, J | 07-466 | 12/31/2007 | 6061.07 |
| E | Fraizier, E | 07-376 | 10/31/2007 | $10,234.70 |
| F | Hammond, D | 07-434 | 12/18/2007 | 6837.18 |
| G | Harris, A | 07-398 | 11/16/2007 | $8,094.73 |
| H | Hartridge, T | 07-312 | 9/28/2007 | $10,778.78 |
| I | Hubbard, J | 07-353 | 10/31/2007 | $8,077.10 |
| J | Johnson, T | 07-387 | 11/16/2007 | $10,296.75 |
| K | West, R | 07-451 | 12/20/2007 | $5,377.85 |
| L | Mathis, D | 07-464 | 12/31/2007 | $8,228.06 |
| M | McMillian, C | 07-463 | 12/31/2007 | $7,325.34 |
| N | Powell, K | 07-340 | 10/17/2007 | $8,535.41 |
| O | Scott, A | 07-369 | 10/31/2007 | $11,612.69 |
| P | Seldon, M | 07-266 | 8/16/2007 | $15,200.70 |
| Q | Shelton, S | 07-342 | 10/17/2007 | $7,229.10 |
| R | Slye, C | 07-321 | 9/28/2007 | $6,286.00 |
| S | Moore, D | 07-448 | 12/20/2007 | $10,076.64 |
| T | Salcedo, V | 07-465 | 12/31/2007 | $7,819.07 |
| U | Washington, D | 07-374 | 10/31/2007 | $4,789.02 |
| V | Williams, L | 07-365 | 10/31/2007 | $6,835.17 |
| | **Total** | | | **$179,185.75** |

*UNITED STATES DISTRICT COURT*
*FOR THE DISTRICT OF COLUMBIA*

**CAROLYN BLAIR, et al.**

Plaintiff(s),

vs.                                    **Civil Action No.  08-267 (RMC)**

**DISTRICT OF COLUMBIA, et al.**

Defendant(s).

## NOTICE REGARDING BULKY EXHIBITS

Pursuant to the procedures for filing bulky pleadings, bulky exhibits have been filed in paper in
this case.  The exhibits are available at the Clerk's Office for public viewing  and copying
between the  hours of 9:00 a.m. and  4:00 p.m., Monday through Friday.

**NANCY MAYER-WHITTINGTON**

Clerk

08cv267
RMC

CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I.(a) PLAINTIFFS | DEFENDANTS |
|---|---|
| CAROLYN BLAIR, et al. | DISTRICT OF COLUMBIA, et al. |

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Domiento C.R. Hill, Esq.
Roxanne D. Neloms, Esq.
James E. Brown & Associates, PLLC
1220 L Street, NW, Suite 700
Washington, D.C. 20005
(202) 742-2000

ATTORNEYS (IF KNOWN)

Case: 1:08-cv-00267
Assigned to : Collyer, Rosemary M.
Assign. Date : 2/15/2008
Description: Admin Agency Review

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff

◉ 3 Federal Question (U.S. Government Not a Party)

○ 2 U.S. Government Defendant

○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ A. Antitrust

☐ 410 Antitrust

○ B. Personal Injury/ Malpractice

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

◉ C. Administrative Agency Review

☐ 151 Medicare Act

Social Security:
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☒ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ E. General Civil (Other)     OR     ○ F. Pro Se General Civil

Real Property
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

Personal Property
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

Bankruptcy
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

Property Rights
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

Federal Tax Suits
☐ 870 Taxes (US plaintiff or defendant)
☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

Other Statutes
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

3

| ○ G. Habeas Corpus/ 2255 | ○ H. Employment Discrimination | ○ I. FOIA/PRIVACY ACT | ○ J. Student Loan |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General ☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)  *(If pro se, select this deck)* | ☐ 895 Freedom of Information Act ☐ 890 Other Statutory Actions (if Privacy Act)  *(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. Labor/ERISA (non-employment) | ○ L. Other Civil Rights (non-employment) | ○ M. Contract | ○ N. Three-Judge Court |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act ☐ 720 Labor/Mgmt. Relations ☐ 730 Labor/Mgmt. Reporting & Disclosure Act ☐ 740 Labor Railway Act ☐ 790 Other Labor Litigation ☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act) ☐ 443 Housing/Accommodations ☐ 444 Welfare ☐ 440 Other Civil Rights ☐ 445 American w/Disabilities- Employment ☐ 446 Americans w/Disabilities- Other | ☐ 110 Insurance ☐ 120 Marine ☐ 130 Miller Act ☐ 140 Negotiable Instrument ☐ 150 Recovery of Overpayment & Enforcement of Judgment ☐ 153 Recovery of Overpayment of Veteran's Benefits ☐ 160 Stockholder's Suits ☐ 190 Other Contracts ☐ 195 Contract Product Liability ☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
◉ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)**
20 USC 1400-1491 as amended Federal Question review of agency decision involving rights to Free Appropriate Public Education

**VII. REQUESTED IN COMPLAINT** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ _____ Check YES only if demanded in complaint
JURY DEMAND: YES ☐ NO ☒

**VIII. RELATED CASE(S) IF ANY** (See instruction) YES ☐ NO ☐ If yes, please complete related case form.

DATE 2/13/08   SIGNATURE OF ATTORNEY OF RECORD
2/15/08

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.